IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **JASON P. ALFORD,**<br><br>   **Plaintiff,**<br><br>   vs.<br><br>**DALTON GEORGIA WHOLESALE FLOOR COVERING, INC. and JERRY STANLEY,**<br><br>   **Defendants.** | Civil Action No. _____<br><br>Jury Trial Demanded |

# COMPLAINT

Pursuant to Fed. R. Civ. P. 7, Plaintiff Jason P. Alford ("Alford") brings this Complaint against Defendants Dalton Georgia Wholesale Floor Covering, Inc. ("Dalton Georgia Wholesale") and Jerry Stanley ("Stanley") (collectively "Defendants") and shows the Court as follows:

## 1.   INTRODUCTION

1.

Plaintiff Alford brings this FLSA action against his former employers because they failed to pay him overtime wages. In his position as a flooring consultant, Alford performed in-store flooring sales work. Alford was not paid on a salary basis of at least $455 per week, did not perform outside sales, his hourly rate was

Page 1

not in excess of one-and-one-half times the federal minimum wage, and less than half his compensation represented commissions on goods or services. Thus, Alford did not fall under any of the FLSA § 7 or § 13 overtime exemptions. Nonetheless, Defendants did not compensate Alford for any worked performed in excess of 40 hours per week. Part of the uncompensated overtime hours worked by Alford included purported lunch breaks during which he was not truly relieved of his duties. Defendants did not keep accurate records of Alford's hours worked and instead falsely recorded 40 hours worked during each workweek.

## 2.   JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Dalton Georgia Wholesale is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

3. **THE PARTIES**

4.

Alford resides in Whitfield County, Georgia.

5.

Dalton Georgia Wholesale is a domestic profit corporation organized under the laws of the State of Georgia.

6.

Dalton Georgia Wholesale is subject to the personal jurisdiction of this Court.

7.

Dalton Georgia Wholesale may be served with process through its registered agent Jerry Stanley at 3021 N. Dug Gap Road, SW, Dalton, Georgia 30720.

8.

Stanley resides within Whitfield County, Georgia.

9.

Stanley is subject to the personal jurisdiction of this Court.

10.

Stanley may be served with process at his business address of 3021 N. Dug Gap Road, SW, Dalton, Georgia 30720 or wherever he may be located.

### 4. ENTERPRISE COVERAGE

11.

During 2016, Dalton Georgia Wholesale had two or more "employees engaged in commerce" as that term is defined by FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.

During 2017, Dalton Georgia Wholesale had two or more "employees engaged in commerce" as that term is defined by FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.

During 2016, Dalton Georgia Wholesale had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as that term is defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14.

During 2017, Dalton Georgia Wholesale had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as that term is defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

15.

During 2016, Dalton Georgia Wholesale had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

16.

During 2017, Dalton Georgia Wholesale had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

17.

During 2016, Dalton Georgia Wholesale was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

During 2017, Dalton Georgia Wholesale was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## 5. EMPLOYMENT RELATIONSHIP

19.

Alford worked for Dalton Georgia Wholesale as a flooring consultant from May 23, 2016 through January 13, 2017 ("the Relevant Time Period").

20.

During the Relevant Time Period, Alford's primary duties as a flooring consultant included attending to and assisting Defendants' customers with flooring purchases, fielding telephone calls from Defendants' customers, and answering emails from potential customers.

21.

In his position as a flooring consultant, Alford was an "employee" as that term is defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

22.

Throughout the Relevant Time Period, Dalton Georgia Wholesale Alford's "employer" as that term is defined in FLSA § 3(d), 29 U.S.C. §203(d).

23.

Throughout the Relevant Time Period, Stanley exercised operational control over Dalton Georgia Wholesale.

24.

Throughout the Relevant Time Period, Stanley exercised operational control over the work activities of Alford.

25.

Throughout the Relevant Time Period, Stanley was involved in the day-to-day operation of the Dalton Georgia Wholesale.

26.

Throughout the Relevant Time Period, Dalton Georgia Wholesale vested Stanley with supervisory authority over Alford.

27.

Throughout the Relevant Time Period, Stanley exercised supervisory authority over Alford.

28.

Throughout the Relevant Time Period, Stanley scheduled Alford's work hours or supervised the scheduling of Alford's work hours.

29.

Throughout the Relevant Time Period, Stanley approved Alford's work hours or each week.

30.

Throughout the Relevant Time Period, Stanley exercised authority and supervision over Alford's compensation.

31.

Throughout the Relevant Time Period, Stanley was Alford's "employer" as that term is defined in FLSA § 3(d), 29 U.S.C. § 203(d).

6. **ALFORD WAS NOT EXEMPT FROM THE FLSA'S MAXIMUM HOUR REQUIREMENTS**

32.

Throughout the Relevant Time Period, Alford did not fall under any exemption from the FLSA's maximum hour requirements.

33.

Throughout the Relevant Time Period, Dalton Georgia Wholesale did not employ Alford in a bona fide professional capacity within the meaning of 29 U.S.C. § 213 (a).

34.

Throughout the Relevant Time Period, Dalton Georgia Wholesale did not employ Alford in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213 (a).

35.

Throughout the Relevant Time Period, Alford did not have a primary duty that required the exercise independent judgment and discretion with relation to matters of significance on behalf of Dalton Georgia Wholesale or its customers.

36.

Throughout the Relevant Time Period, Alford's discretion in making decisions was limited and circumscribed by the policies and procedures set out by Dalton Georgia Wholesale and its clients.

37.

Throughout the Relevant Time Period, Dalton Georgia Wholesale did not employ Alford in a bona fide executive capacity within the meaning of 29 U.S.C. § 213 (a).

38.

Throughout the Relevant Time Period, Alford did not have the primary duty of managing an enterprise.

39.

Throughout the Relevant Time Period, Alford did not supervise two or more employees of Dalton Georgia Wholesale.

40.

Throughout the Relevant Time Period, Dalton Georgia Wholesale did not employ Alford in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213 (a).

41.

Throughout the Relevant Time Period, was not an exempt commissioned employee of a retail or service establishment within the meaning of FLSA § 7(i), 29 U.S.C. § 207(i).

42.

Throughout the Relevant Time Period, Dalton Georgia Wholesale made deductions from Alford's pay for work days missed due to sickness during weeks in which he did perform some work.

43.

Throughout the Relevant Time Period, Dalton Georgia Wholesale did not compensate Alford on a "salary basis" within the meaning of 29 CFR § 541.602.

44.

Throughout the Relevant Time Period, Dalton Georgia Wholesale did not compensate Alford on a salary basis of not less than $455 per week.

45.

Throughout the Relevant Time Period, Alford's regular hourly rate was not in excess of one and one-half times the federal minimum wage.

46.

Throughout the Relevant Time Period, less than half Alford's compensation represented commissions on goods or services.

**7.    OVERTIME VIOLATIONS**

47.

Throughout the Relevant Time Period, Alford regularly worked 6 days per week.

48.

Throughout the Relevant Time Period, Alford regularly worked from 8:30 a.m. until 6:00 p.m. Monday through Friday, and 8:30 a.m. until 5:00 p.m. on Saturday.

49.

Throughout the Relevant Time Period, Alford regularly worked through his scheduled lunch break answering telephone calls and attending to Defendants' customers in the store.

50.

Throughout the Relevant Time Period, Defendants were aware that Alford regularly worked through his scheduled lunch break.

51.

Throughout the Relevant Time Period, Alford regularly worked 57 hours during most work weeks.

52.

Throughout the Relevant Period, Defendants failed to pay Alford at one-and-one-half times this regular hourly rate for work performed in excess of forty (40) hours per week.

### COUNT I — FAILURE TO PAY OVERTIME

53.

The allegations in the preceding paragraphs are incorporated by reference as if fully set out herein.

54.

Throughout the Relevant Time Period, Alford was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

55.

Throughout the Relevant Time Period, Alford regularly worked in excess of forty (40) hours during each work week.

56.

Throughout the Relevant Time Period, Defendants failed to pay Alford at one-and-one-half times his regular rate for work performed in excess of forty (40) hours per workweek.

57.

Throughout the Relevant Time Period, Defendants willfully failed to pay Alford at one-and-one-half times his regular rate for work performed in excess of forty (40) hours per workweek.

58.

Alford is entitled to payment of due but unpaid overtime compensation in an amount to be determined at trial, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Alford is entitled to liquidated damages pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Alford is entitled to his litigation costs, including his reasonable attorney's fees, pursuant to FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Grant a trial by jury as to all matters properly triable to a jury;

2. Issue an order holding that Defendants failed to compensate Plaintiff as required by the Fair Labor Standards Act's maximum hour provisions;

3. Award Plaintiff an amount to be determined at trial against Defendants in unpaid overtime compensation, plus an additional like amount in liquidated damages;

4. Award Plaintiff his costs of litigation, including his reasonable attorney's fees;

5. Award Plaintiff prejudgment interest to the extent that liquidated damages are not awarded;

6. Award Plaintiff nominal damages; and

7. Award such further relief as the Court deems just and proper.

This 10th day of July 2017,

                                      Respectfully submitted,

                                      **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| | */s/Charles R. Bridgers* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 | Ga. Bar No. 275411 |
| (404) 979-3170 (f) | |
| charlesbridgers@dcbflegal.com | Counsel for Plaintiff |
| matthew.herrington@dcbflegal.com | |