IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **JASON P. ALFORD,**<br><br>    **Plaintiff,**<br><br>  vs.<br><br>**DALTON GEORGIA WHOLESALE FLOOR COVERING, INC. and JERRY STANLEY,**<br><br>    **Defendants.** | Civil Action No. 4:17-cv-153-HLM-WEJ |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DALTON GEORGIA WHOLESALE FLOOR COVERING, INC.**

Plaintiff Jason P. Alford, by and through the undersigned counsel, hereby moves this Court to dismiss the Counterclaims of Defendant Dalton Georgia Wholesale Floor Covering, Inc. ("Dalton"), showing the Court as follows:

## I.    BACKGROUND

This is an FLSA overtime action brought by Plaintiff Alford against his former employers, Dalton and Jerry Stanley. In its Answer [Dkt. 9], Defendant Dalton brings three counterclaims against Plaintiff for tortious interference with business relations, breach of fiduciary duty, and unjust enrichment.

In its counterclaims, Defendant Dalton alleges that Plaintiff engaged in a scheme to steal sales commissions from another employee and ultimately caused it to lose significant business.[1] Dalton also alleges that Plaintiff is required to repay advances on commissions that were paid to him in excess of commissions he actually earned.[2]

## II.   ARGUMENT AND CITATIONS OF AUTHORITY

Counterclaims in FLSA minimum wage and overtime actions are highly disfavored and, except in very limited circumstances, are not permitted in federal actions:

> The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and

---

[1] Dkt. 9 [Answer and Counterclaim], pp. 13-20.
[2] Dkt. 9, pp. 20-21.

overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

*Brennan v. Heard*, 491 F.2d 1, 3-4 (5th Cir. 1974); *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (an employer could not set-off its employee's FLSA recovery through a counterclaim because that would delay and interfere with the process of bringing the employer into compliance with the FLSA's overtime requirements); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010) (set-off recovery limited to money "can be considered wages that the employer pre-paid to the plaintiff-employee."); *Marshall v. Wallace Oil Co.*, No. C80-451A., 1980 U.S. Dist. LEXIS 14549, at *3-6 (N.D. Ga. Sep. 19, 1980) (disallowing even a counterclaim for recoupment in an FLSA action); *Phillips v. Trans Health Mgmt.*, No. H-04-0458, 2004 U.S. Dist. LEXIS 30945, at *8-9 (S.D. Tex. July 15, 2004) (disallowing an employer's counterclaim for repayment of advances). The "Brennan Rule" was explained earlier this year in *Perez v. Elite Imaging, LLC,* 2017 U.S. Dist. LEXIS 23226 (S.D. Fla. 2017) as follows:

> B. The Brennan Rule
>
> The Eleventh Circuit is "hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases." See *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016); see also *Leite v. Tremron, Inc.*, No. 12-22118-CIV-MORENO, 2012 U.S. Dist. LEXIS 130504, 2012 WL 4049962, at *2 (S.D. Fla. Sept. 13, 2012) ("In cases where a FLSA claim serves as the underlying basis for original jurisdiction, this

> Court has generally been reluctant to find that additional state law contract or tort claims form part of the same 'case or controversy' as the federal claim."). "Accordingly, the Court has limited its exercise of supplemental jurisdiction in this context to instances where the state law counterclaims in some way encompass elements of the plaintiff's original FLSA claim." *Leite*, 2012 U.S. Dist. LEXIS 130504, 2012 WL 4049962, at *2. Indeed, the courts of this circuit are "general[ly] reluctan[t] to exercise supplemental jurisdiction over counterclaims in FLSA cases which are premised on agreements that do not implicate the number of hours worked or payment received." See *Bautista*, 2016 U.S. Dist. LEXIS 33232, 2016 WL 1028358, at *2 (citing other cases declining jurisdiction).

Taking all of its allegations as true for purposes of this motion, Dalton's counterclaims resemble the type of claims presented in *Heard* and *Marshall* that this Court has previously deemed inappropriate in an FLSA action. The relevant evidence will differ substantially between the federal and state law claims presented here. While Plaintiff will offer proof of the number of overtime hours worked and amount of unpaid overtime wages owed, Defendant Dalton will submit evidence of the purported scheme to steal commissions and of the commissions actually earned by Plaintiff based on sales completed. The only connection these counterclaims appear to have with Plaintiffs' FLSA claim is the fact that the underlying facts are alleged to have occurred during the time of the Parties' employment relationship.

- 5 -

As other courts in this circuit have put it, the presence of a general employer-employee relationship alone is "too attenuated" of a nexus for a federal district court to exercise supplemental jurisdiction. *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 U.S. Dist. LEXIS 113015, at *5 (S.D. Fla. Dec. 3, 2009); *Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV-MARRA, 2008 U.S. Dist. LEXIS 43544, at *6 (S.D. Fla. June 2, 2008). This Court should thus decline to exercise supplement subject matter jurisdiction over Dalton's state law counterclaims.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Alford respectfully requests that the Court dismiss Defendant Dalton's counterclaims. Should this motion be denied, Plaintiff will move separately for dismissal of Dalton's counterclaims on a substantive basis.

This 7th day of September 2017.

        Respectfully submitted,

        **DELONG, CALDWELL, BRIDGERS,**
        **FITZPATRICK & BENJAMIN, LLC**

        */s/ Matthew W. Herrington*

| | |
|---|---|
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 | Ga. Bar No. 275411 |
| (404) 979-3170 (f) | |
| charlesbridgers@dcbflegal.com | **Counsel for Plaintiff** |
| matthew.herrington@dcbflegal.com | |

## Certification of Compliance

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document has been prepared with Times New Roman 14-point font, which is one of the font and point selections approved by the court in LR 5.1(C).

        */s/ Matthew W. Herrington*
        Matthew W. Herrington
        Ga. Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **JASON P. ALFORD,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**DALTON GEORGIA WHOLESALE FLOOR COVERING, INC. and JERRY STANLEY,**<br><br>**Defendants.** | Civil Action No. 4:17-cv-153-HLM-WEJ |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have filed the foregoing document in the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: September 7, 2017.

                                                 */s/ Matthew W. Herrington*
                                                 Matthew W. Herrington
                                                 Ga. Bar No. 275411