# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| **JASON P. ALFORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **DALTON GEORGIA** | : | **Civil Action File No.** |
| **WHOLESALE FLOOR** | : | **4:17-CV-00153-HLM** |
| **COVERING, INC. and JERRY** | : | |
| **STANLEY,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT MOTION TO REVIEW AND APPROVE SETTLEMENT

Plaintiff Jason P. Alford and Defendants Dalton Georgia Wholesale Floor Covering, Inc. and Jerry Stanley ("Defendants") (collectively "the Parties"), respectfully seek the Court's review and approval of their settlement (the "Settlement") and in support thereof, show the Court as follows:

### 1. INTRODUCTION

This is a wage and hour case. Plaintiff filed this action against his former employers [Dkt. 1] on July 10, 2017 asserting that they failed to pay him the

overtime compensation as required by the FLSA. Defendants denied the allegations. [Dkt. 9]

Defendants informally provided Plaintiff with their payroll and timekeeping records for the Plaintiff. After a demand and counterproposal failed to produce agreement, the Parties jointly agreed to stay all deadlines and requested the Court to refer the case to mediation. [Dkt. 13]

On January 23, 2018, the Parties participated in mediation with the assistance of U.S. Magistrate Judge Alan J. Baverman. [Dkt. 18] The mediation was successful. The Parties subsequently executed a Settlement Agreement and Release of Claims ("the Settlement"). A true and correct copy of the Settlement is attached hereto as Exhibit "A". The Parties now jointly request that the Court review the Settlement and enter the Order Approving it. In support of this Motion, the Parties jointly state as follows:

## 2. ARGUMENT AND CITATIONS OF AUTHORITY

In the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an employer if the Parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness

of the settlement. As the Eleventh Circuit explained in *Lynn's Food Stores, Inc. v. United States*[1]:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the Parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching, if a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

679 F.2d at 1354.

### A.  **Standards for Approval of an FLSA Compromise.**

*Lynn's Food Stores* requires the Court to review a proposed compromise of FLSA claims for "fairness." However, the criteria the Court are to consider in determining "fairness" is not as clear. As the court in *Dees v. Hydradry, Inc.*, noted:

> *Lynn's Food* requires the Parties to an FLSA compromise to present proposed agreement to the district court, which "may

---

[1] 679 F.2d 1350, 1353 (11th Cir. 1982).

> enter a stipulated judgment after scrutinizing the settlement for fairness." [*Lynn's Foods*,] 679 F.2d at 1353. Although noting the unfairness of the settlements at issue, *Lynn's Food* specifies no criteria for evaluating the "fairness" of a proposed compromise in a different case.

706 F. Supp. 2d 1227, 1240-1 (M.D. Fla. 2010).

### (1)    Initial Considerations from *Dees*

The Parties should provide the Court with "enough information for the court to examine the bona fides of the dispute" including the nature of the dispute, the material facts and claims, and an estimate of hours worked or compensation owed in order to understand the nature of the compromise.[2] Further, an employee may not prospectively waive his FLSA rights as a part of a compromise.[3] In addition, the Court should address the attorneys' fees agreed upon to insure that the fees agreed upon did not adversely affect the Plaintiff's recovery.[4]

The *Dees* Court continued:

---

[2] *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).
[3] *Id.* at 1243
[4] *Id.* at 1243 (quoting *Bonetti v. Embarq Management Co.*, 715 F.Supp. 2d 1222, 1228 (M.D.Fla. 2009)(noting that the Court would not separately consider the reasonableness of the fee to be paid to counsel unless there was some indication that the settlement amount or process was problematic).

4

*Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222 [] (M.D.Fla. 2009), describes the problem faced by a district court: Short of a bench trial, the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the Parties negotiate a compromise that is acceptable to both sides. The Parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the Parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."[5]

Further from the *Dees* Court:

Nevertheless, the district court must "scrutinize the settlement for fairness."  To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (*factors "internal" to the compromise*). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA *(factors "external" to the compromise)*.  The court should approve the compromise only if the compromise is reasonable to the

---

[5] 706 F. Supp. 2d at 1241 (alterations in original) (quoting *Bonetti*, 715 F. Supp. at 1227).

5

employee and furthers implementation of the FLSA in the workplace.[6]

**(2) The Internal Factors:**

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel.[7]

*(3)* **The External Factors***:*

Compromise of a retrospective dispute may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance (say, a suddenly disabled claimant or an employer in liquidation) commends a speedy or certain resolution. On the other hand, several factors may commend rejecting a proposed compromise, including the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace. In all instances, the district court should faithfully execute the congressional mandate for

---

[6] 706 F. Supp. 2d at 1241 (emphasis added).

[7] *Dees*, 706 F. Supp. 2d at 1241; *see also Pessoa v. Countrywide Home Loans, Inc.*, 2007 U.S. Dist. LEXIS 24076, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007) (quoting *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

"minimum wages, promptly paid . . . for the lowest paid segment of the nation's workers.[8]

**B.     This FLSA Compromise Is Fair.**

**(1) Initial Considerations**

Defendants employed Plaintiff as a flooring consultant from May 23, 2016 through January 13, 2017.  After reviewing the information provided by Defendants, Plaintiff estimated that the maximum amount he could expect to recover was $2,700.00 in due but unpaid overtime and upon a judicial finding of willfulness an additional $2,700.00 in liquidated damages.  Neither Party, however, possessed complete time records.  The amount of overtime Plaintiff worked was contested and Defendant claimed Plaintiff was an exempt employee, among other defenses.  Defendant also asserted a counterclaim related to allegations involving Plaintiff's employment.

At mediation, the Parties entered into a compromise of their respective positions.  The Settlement provides that Plaintiff will receive $3,200.00 over the course of four (4) months.  The Parties had access to all of the time, pay, and

---

[8] *Dees*, 706 F. Supp. 2d at 1244)(*quoting D.A. Schulte v. Gangi*, 328 U.S. 108, 116, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

external records that were ever going to be available. This resolution is within the range of the evidence.

At mediation, the Parties negotiated the amount of attorneys' fees after first agreeing upon Mr. Alford's portion of the settlement. Counsel will receive attorneys' fees and costs from Defendants in the amount of $9,300.00. This, too, is a compromise. Plaintiff's counsel has accrued approximately $14,959.35 in fees and costs at rates that have been previously approved in the Northern District of Georgia. [9]

---

[9] *See Forester v. Mdpons, et.al.*, No. Civ. A. 1:15-cv-03378-ELR, Dkt.47, p.11 (N.D. Ga.); *Obertein, etal. v. Assured & Associates*, *et.al.*, No. Civ. A. 1:14-cv-00490-AT, Dkt. 100 (May 4, 2017); *Miller v. Rockdale County*, No. Civ. A. 1:16-cv-04149-WSD, Dkt. 12, p.4 ("The Court also finds the amount of attorneys' fees and costs to be paid by Defendant to Plaintiff's counsel is reasonable in view of the results obtained and the customary fee for similar legal services provided in the Atlanta market. . . . . The Court notes that multiple courts have approved the requested hourly rates of $400 per hour for attorneys Mitchell D. Benjamin and Charles R. Bridgers, as well as the rates of $145 per hour for paralegal Jessica Sorrenti and $105 per hour for paralegal Sarah Toenes, as detailed in the declarations of counsel.");*see also Villa-Garcia v. Latin Mundo #2, Inc.,* No. Civ. A. 1:15-cv-03378-ELR,Dkt.23 (N. D. Ga.)(wherein the Court approved the current hourly rates of counsel of $425 for all partners (up from $400); $325 for associate Matthew Herrington (up from $275); $165 for senior paralegal Jessica Sorrenti (up from $145), and $125 for paralegal Sarah Toenes (up from $105) and approving the contractual requirement of 25% of liquidated damages (" (2) the terms of the Settlement Agreement are fair and reasonable and represent an adequate resolution of this action; and (3) the attorneys' fees including the rates charged by counsel

**(2)    Internal Factors**

As noted above, *Dees* lists a number of internal factors: (1) The existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel.[10] Here, both Parties were represented by experienced counsel in an adversarial process that demonstrates no hint of fraud of collusion. The parties were further assisted at Mediation by Judge Baverman.  The Parties were cognizant that continued litigation would be uncertain, time consuming and expensive. The uncertainties and risks existed for all Parties and was a significant catalyst to serious settlement negotiations.  As noted above, the Parties had all records available to them that would have ever been available and the resulting settlement was within the range of Plaintiff's estimate of his damages. In addition, undersigned counsel believes this settlement is reasonable and should be approved.

---

and the additional contractual requirement of twenty-five percent of liquidated damages, are reasonable and customary.").

[10] 706 F. Supp. 2d at 1241; *see also Pessoa v. Countrywide Home Loans, Inc.*, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007) (quoting *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994))

**(3) External Factors**

As stated above, the *Dees* Court noted the following external factors:

> Compromise of a retrospective dispute may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance . . . commends a speedy or certain resolution. On the other hand, several factors may commend rejecting a proposed compromise, including the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.[11]

Other "external factors" to examine when considering the fairness of a proposed FLSA settlement, address whether the compromise frustrates the purposes of the FLSA. *Dees*, 706 F. Supp. 2d at 1244. Here, the purpose of the FLSA is not frustrated in that Mr. Alford is receiving almost full value for his claims after a detailed review of those claims. Given this fact, a detailed analysis of the external factors is not overly necessary.

---

[11] 706 F. Supp. 2d at 1244(*quoting D.A. Schulte v. Gangi*, 328 U.S. 108, 116, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

## 3. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement. The Parties also request that the Court retain jurisdiction to enforce the Parties Settlement Agreement, if necessary. A proposed order is attached hereto for the Court's consideration.

Respectfully submitted.

| *DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC* | *THE MINOR FIRM* |
|---|---|
| s/ Charles R. Bridgers<br>Charles R. Bridgers<br>Georgia Bar No. 080791<br>Kevin D. Fitzpatrick, Jr.<br>Georgia Bar No. 262375 | /s/ Jonathan Bledsoe<br>Jonathan Bledsoe<br>Georgia Bar No. 063143<br>Brittany M. Dant<br>Georgia Bar No. 200989 |
| 3100 Centennial Tower<br>101 Marietta Street, NW<br>Atlanta, GA 30303<br>Telephone 404-979-3150<br>Facsimile (404) 979-3170<br>charlesbridgers@dcbflegal.com<br>kevin.fitzpatrick@dcbflegal.com | P.O. Box 2586<br>Dalton, Georgia 30722-2586<br>(706) 259-2586<br>jbledsoe@minorfirm.com<br>bdant@minorfirm.com |
| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANTS** |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| **JASON P. ALFORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **DALTON GEORGIA** | : | **Civil Action File No.** |
| **WHOLESALE FLOOR** | : | **4:17-CV-00153-HLM** |
| **COVERING, INC. and JERRY** | : | |
| **STANLEY,** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties via the Court's electronic filing system to the following:

> Jonathan L. Bledsoe
> THE MINOR FIRM
> P.O. Box 2586
> Dalton, GA 30722-2586

This 7th day of March 2018.

<div style="display: flex;">

| | |
|---|---|
| | DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC |
| | |
| | *s/ Charles R. Bridgers* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Georgia Bar No. 080791 |
| Atlanta, Georgia 30303 | Kevin D. Fitzpatrick, Jr. |
| Telephone (404) 979-3150 | Georgia Bar No. 262375 |

</div>

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JASON P. ALFORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| DALTON GEORGIA | : | Civil Action File No. |
| WHOLESALE FLOOR | : | 4:17-CV-00153-HLM |
| COVERING, INC. and JERRY | : | |
| STANLEY, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF COMPLIANCE

By signature below, the undersigned counsel certifies that the within and foregoing motion was prepared in Times New Roman 14 point type, in compliance with LR 5.1 NDGa.

This 7th day of March 2018.

|  |  |
|---|---|
|  | DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC |
|  | *s/ Charles R. Bridgers* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Georgia Bar No. 080791 |
| Atlanta, Georgia 30303 | Kevin D. Fitzpatrick, Jr. |
| Telephone (404) 979-3150 | Georgia Bar No. 262375 |

13