# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereafter the "Agreement") is entered into by and between the following Parties: *Jason Alford*, (**PLAINTIFF**), *Dalton Georgia Wholesale Floor Covering, Inc.* and *Jerry Stanley* (**DEFENDANTs**) (collectively the "Parties"):

WHEREAS **PLAINTIFF** and **DEFENDANTS** are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Rome Division, styled *Jason Alford, Plaintiff, v. Dalton Georgia Wholesale Floor Covering, Inc. and Jerry Stanley, Defendants,* Civil Action No. 14:17-cv-00152-HLM-WEJ (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the **PLAINTIFF**;

WHEREAS pursuant to the Litigation, **PLAINTIFF** claims that the **DEFENDANTS** intentionally and willfully failed to pay him the required compensation under the Fair Labor Standards Act ("FLSA") and **DEFENDANTS** denies these allegations; and

WHEREAS **DEFENDANTS** have asserted state law counterclaims against **PLAINTIFF**, i.e., Tortious Interference With Business Relations, Breach of Fiduciary Duty and Unjust Enrichment; and

WHEREAS **PLAINTIFF** and **DEFENDANTS** desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by **EITHER PARTY** in the Litigation;

WHEREAS **PLAINTIFF** warrants and represents that he has not assigned any of the claims against **DEFENDANTS** that are released in this Agreement to any other person or entity and that no attorneys other than Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC have a claim for attorneys' fees and/or costs arising from **PLAINTIFF'S** claims released in this Agreement; and

WHEREAS this Agreement constitutes a good faith settlement of all of **PLAINTIFF'S** disputed claims and allegations that were asserted or could have been asserted by **PLAINTIFF** in the Litigation arising out of or relating to compensation for any work performed by **PLAINTIFF** for **DEFENDANTS**, and

shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the **Dalton Georgia Wholesale Floor Covering, Inc**, or any of its officers, employees, and/or other agents or *Jerry Stanley* acted contrary to law or violated the rights of **PLAINTIFF** or any other person at any time; and

WHEREAS this Agreement also constitutes a good faith settlement of all of **DEFENDANTS'** disputed claims and allegations that were asserted or could have been asserted by **DEFENDANTS** in the Litigation arising out of or relating to compensation for any work performed by **PLAINTIFF** for **DEFENDANTS**, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the **PLAINTIFF** acted contrary to law or violated the rights of **DEFENDANTS** or any other person at any time;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Consideration.** In consideration of this Agreement and other good and sufficient consideration, including **PLAINTIFFS'** agreement to dismiss with prejudice the Litigation and **DEFENDANTS'** agreement to dismiss with prejudice their counterclaims, **DEFENDANTS** agree to pay a total sum of Twelve Thousand Five Hundred Dollars and 00/100 Cents ($12,500.00), allocated as follows:

   a. The sum of Three Thousand Two Hundred Dollars and 00/100 cents ($3,200.00) to *Jason Alford;*

   b. The sum of Nine Thousand Three Hundred Dollars and 00/100 cents ($9,300.00) to **Kevin D. Fitzpatrick, Jr.** (PLAINTIFFS counsel) for attorneys' fees and costs,

2. **Installment Payments.** Payment shall be made in four equal monthly payments of Three Thousand One Hundred Twenty-Five Dollars and 00/100 Cents ($3,125.00) delivered to **PLAINTIFF'S** counsel, beginning ten (10) days after the Court enters an Order approving this Settlement, in three separate checks per month as follows:

   a. One Check in the amount of Four Hundred Dollars and 00/100 Cents ($400.00) less deductions for state and federal taxes and social security,

made payable to *Jason Alford*, representing back pay for which Defendants shall issue Alford an IRS Form W2

b.  One Check in the amount of Four Hundred Dollars and 00/100 Cents ($400.00) without deductions, made payable to *Jason Alford*, representing liquidated damages for which Defendants shall issue Alford an IRS Form 1099, designating such payment as Box 3 non-wage income.

c.  One Check in the amount of Two Thousand Three Hundred Twenty-Five Dollars and 00/100 Cents ($2,325.00) made payable to *Kevin D. Fitzpatrick, Jr.* representing attorneys' fees and costs of litigation, for which Defendants shall issue Fitzpatrick an IRS Form 1099.

d.  Notwithstanding the foregoing, Defendants may pre-pay any or all installments set forth herein prior to the due date.

3. **Remedies in the Event of Breach.** In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANTS** that is not cured after ten (10) notice to **DEFENDANTS'** counsel, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

4. **Taxes.** **PLAINTIFF** agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for **DEFENDANTS** portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages. **PLAINTIFF** further agrees that he will indemnify and hold **DEFENDANTS** and its related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to his tax treatment of any amounts paid to him, except for any challenge associated with **DEFENDANTS'** responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

5. **Warranty.** PLAINTIFF represent and warrant that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. and the firm of DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Litigation are discharged.

6. **Mutual Release & Waiver of Claims.** PLAINTIFF, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever release and discharge **DEFENDANTS** and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which assert a claim under the Fair Labor Standards Act. **DEFENDANTS** for themselves, their attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever release and discharge **PLAINTIFF** from all claims asserted in the Counterclaim **DEFENDANTS** asserted in the Answer [Dkt. 9] filed on their behalf in the Litigation.

7. **Court Approval.** All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. If the District Court does not approve this Agreement, it shall be void *ab initio*.

8. **Dismissal of Action.** Upon judicial approval of the Agreement and **PLAINTIFF'S** receipt of all payments required under Paragraph 2. above, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1, with the court within five (5) business days.

9. **Non-Disparagement.** Except as otherwise required by law, a Party shall not make any statement, written or verbal, to any person or entity, including any form of media, or take any action, in disparagement of any of the Parties

- 4 -

including, but not limited to negative references to a Party's services, policy, partners, managers, members, employees, or take any action that might disparage a Party to the general public or to a Party's employer, potential employer, employee, client, supplier and/or business partners.

10. **Execution.** This Agreement shall become effective upon its approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

11. **Entire Release.** PLAINTIFF affirms that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he has been advised to and has consulted with his attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and he understands the meaning of the Agreement and its final and binding effect.

12. **Severability.** Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 1. or 2. are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

13. **Amendments.** Any modification or change to this Agreement must be made in writing and signed by all Parties.

14. **Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

15. **Governing Law.** This Agreement is executed in the State of Georgia

and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of seven (7) pages effective February 13th _____, 2018.

**ACCEPTED AND AGREED BY JASON ALFORD**

By: _____
Jason Alford

**ACCEPTED AND AGREED BY JERRY STANLEY**

By: _____
Jerry Stanley


**ACCEPTED AND AGREED BY DALTON GEORGIA WHOLESALE FLOOR COVERING, INC.**

DALTON GEORGIA WHOLESALE FLOOR COVERING, INC.

By: _____

Date: 2/13/18


Its _____

1

2 **EXHIBIT 1**

                                        Counsel for Plaintiffs

3100 Centennial Tower

101 Marietta Street
Atlanta, Georgia 30303
(770) 979-3150
(770) 979-3170 (Fax)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
WSACTIVELLP:7132442.1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JASON P. ALFORD, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| DALTON GEORGIA WHOLESALE FLOOR COVERING, INC. and JERRY STANLEY, | : Civil Action File No.<br>: 4:17-CV-00153-HLM<br>:<br>:<br>: |
| | : |
| Defendants. | : |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties hereby stipulate and agree to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted,

| | |
|---|---|
| DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC | THE MINOR FIRM, P.C. |
| | |
| *s/ Kevin D. Fitzpatrick, Jr.* | *s/ Jonathan Bledsoe* |
| Kevin D. Fitzpatrick, Jr. | Jonathan Bledsoe |
| Georgia Bar No. 262375 | Georgia Bar No. 063143 |
| Charles R. Bridgers | |

- 1 -

Georgia Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF

P.O. Box 2586
Dalton, Georgia 30722-2586
(706)259-2586
jbledsoe@minorfirm.com

COUNSEL FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JASON P. ALFORD, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| DALTON GEORGIA WHOLESALE FLOOR COVERING, INC. and JERRY STANLEY, | : Civil Action File No. |
| | : 4:17-CV-00153-HLM |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on _____ ___, 2018, I electronically filed a true and correct copy of the parties' **STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

Jonathan Bledsoe

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

3